HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MATILDA JEAN DUFFY,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF VETERAN AFFAIRS: an agency of the UNITED STATES; and ERIC K. SHINSEKI: Secretary of the United States Department of Veteran Affairs,<br><br>        Defendants. | No. 11-cv-05945 RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br>[Dkt. 11] |

This case comes before the Court on the government's motion to dismiss. Dkt. 11. The government argues that the case is barred by res judicata and should be dismissed with prejudice. It also argues that, notwithstanding res judicata, Ms. Duffy fails to state a claim upon which relief can be granted. Dkt. 11, 17. Ms. Duffy seeks dismissal without prejudice. Dkt. 13.

Ms. Duffy has filed a number of claims before this Court. In February, 2002 she filed a claim and voluntarily dismissed it in June of 2002. In August of 2002 she filed a claim and voluntarily dismissed it that same month. She filed another claim in August of 2002 that was settled in February of 2003. That case was then closed and dismissed with prejudice in March of 2003. She apparently believed that case was still open, and filed a new motion within it, which this Court entertained and resolved on the government's motion for summary judgment in

November of 2011. That same month, Ms. Duffy filed this case. And, now in January of 2012, she again seeks to voluntarily dismiss her claim, stating she intends to file it in the Court of Claims, and if she is unable to obtain relief there, she will return to this Court yet again.

The Court has been patient in its dealings with Ms. Duffy despite this multiplicity of filings.

On May 10, 2011, Ms. Duffy filed a claim stating generally that the U.S. Department of Veterans Affairs (VA) violated the settlement agreement of 2003. The underlying claim that gave rise to the settlement agreement (and the agreement itself) sought only injunctive relief. Though contract issues must be brought under the Tucker Act, this Court previously held that the Tucker Act only triggers liability "if it can be fairly interpreted as mandating compensation by the Federal Government." 3:02-cv-05440 Dkt. 86 at 4 (citing *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011). As Ms. Duffy's underlying claim and the settlement agreement sought only injunctive relief rather than money damages, her attempts to enforce the settlement agreement under the Tucker Act failed as a matter of law. *Id.*

Now, Plaintiff attempts to recast those same claims as tort claims and to bring them under the Federal Tort Claims Act. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, (1980). Ms. Duffy is plainly attempting to skirt the Court's November 10, 2011 Order, and to allow her to do so would be a miscarriage of justice diverting judicial resources to re-examining these claims.

Ms. Duffy claims that the VA has a duty to provide care and breached it by violating the settlement agreement of 2003. However, tortious breach of duty does not arise from a breach of contract. The Court has jurisdiction to hear breach of contract claims under the Tucker Act, and Ms. Duffy's breach of contract claims have already been adjudicated in the November 10, 2011

1 Order. The government's motion to dismiss with prejudice is **GRANTED** on the basis of res

2 judicata.

3     The Court anticipates Ms. Duffy's dissatisfaction with this final resolution of her claims.

4 Though the Court retains jurisdiction to enforce the settlement agreement, Ms. Duffy must bring

5 a claim cognizable under the law, and she has failed to do so.

6     Ms. Duffy demands recognition of a type that many take for granted on a day to day

7 basis. This is brave in some ways, though her methods appear questionable at times. While

8 every person who suffered a wrong has a right to their day in court, not every battle is properly

9 fought here. The Court notes Ms. Duffy's evident pain and recognizes her frustration at feeling

10 unable to live a run of the mill, affirmed-in-her-gender life. Under the law, however, there is as

11 yet no remedy for what she seeks that the Court is aware of. Given this reality, her energy and

12 resources might be better spent in an advocacy capacity working to create and change laws and

13 society to ensure the recognition she seeks.

14     Legislative bodies create law. This Court must apply the law. Ms. Duffy has not alleged

15 a cause of action cognizable under the law.

16     Defendant's Motion, Dkt. 11, is **GRANTED** and these claims are dismissed with

17 prejudice as they are barred by res judicata. All pending motions (Dkt. 10, 13, 19) are

18 **STRICKEN AS MOOT**.

19 It is so **ORDERED**.

20     Dated this 24th day of April, 2012.

                */s/ Ronald B. Leighton*

                RONALD B. LEIGHTON
                UNITED STATES DISTRICT JUDGE